ADELE SEUBERT, Appellant, et al., Plaintiff, v JOHN D. MARCHIONI et al., Respondents. [978 NYS2d 520]—

Appeal from an order of the Supreme Court, Monroe County (Evelyn Frazee, J.), entered August 13, 2012. The order granted the motion of defendants for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this legal malpractice action seeking damages based on defendants' representation of them in their purchase of a membership interest in a limited liability company. Defendants moved for summary judgment dismissing the complaint, and Supreme Court granted the motion. We affirm. In order to establish their entitlement to judgment as a matter of law, defendants had to present evidence in admissible form establishing that plaintiffs are "unable to prove at least one necessary element of the legal malpractice action" (*Giardina v Lippes*, 77 AD3d 1290, 1291 [2010], *lv denied* 16 NY3d 702 [2011]; *see Ginther v Rosenhoch*, 57 AD3d 1414, 1414-1415 [2008], *lv denied* 12 NY3d 707 [2009]), e.g., " 'that the defendant attorney failed to exercise that degree of care, skill, and diligence commonly possessed by a member of the legal community' " (*Phillips v Moran & Kufta, P.C.*, 53 AD3d 1044, 1044-1045 [2008]; *see generally McCoy v Feinman*, 99 NY2d 295, 301 [2002]; *Williams v Kublick*, 302 AD2d 961, 961 [2003]). Here, defendants met their initial burden on the motion with respect to that element (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Inasmuch as plaintiffs did not submit expert testimony or, indeed, any opposition to defendants' motion, they failed to raise an issue of fact concerning defendants' compliance with the applicable standard of care (*see Merlin Biomed Asset Mgt., LLC v Wolf Block Schorr & Solis-Cohen LLP*, 23 AD3d 243, 243 [2005]; *see also Zeller v Copps*, 294 AD2d 683, 684-685 [2002]). Plaintiffs' remaining contentions are raised for the first time on appeal and thus are not properly before us (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 985 [1994]). Present—Smith, J.P., Fahey, Lindley, Valentino and Whalen, JJ.